UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAKIA LEWIS,

        Plaintiff,

v.                             CASE No. 8:19-cv-1742-T-TGW

ANDREW SAUL,
Commissioner of Social Security,[1]

        Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails properly to conduct an evaluation whether the plaintiff's impairments had medically improved, the decision will be reversed and the matter remanded for further consideration.

_____

[1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

I.

The plaintiff, who was thirty-four years old at the time of the most recent administrative hearing and who has the equivalent of a high school education, has no past relevant work. She filed a claim for supplemental security income payments, alleging that she became disabled due to mental impairments. The claim was denied initially and upon reconsideration.

The plaintiff, at her request, received a hearing before an administrative law judge. The law judge, on September 17, 2009, found that the plaintiff was disabled due to severe impairments of post-traumatic stress disorder, major depression, schizoaffective disorder and mood disorder (Tr. 133, 136). Accordingly, the plaintiff began receiving supplemental security income payments.

As part of the standard periodic review process, the Social Security Administration determined that, as of March 25, 2016, the plaintiff was no longer disabled. The plaintiff sought review of that determination by a hearing officer, who upheld the determination. The plaintiff then received a hearing before an administrative law judge, at which the plaintiff elected to proceed without representation.

Following the hearing the law judge entered a decision discussing the sequential analysis that applies to termination of benefits. In this respect, the law judge found first that the plaintiff does not have an impairment that meets, or equals, an impairment listed in Appendix 1 (Tr. 11). At the second step — which is at issue here — the law judge found that medical improvement occurred on March 25, 2016 (Tr. 14). He found further that the medical improvement related to the ability to work (Tr. 16). The law judge found next that the plaintiff had severe impairments of schizoaffective disorder, Post-Traumatic Stress Disorder (PTSD), obesity, asthma, polyarthralgia and migraines (Tr. 11, 16). He concluded further that, as of March 25, 2016, the plaintiff (Tr. 17)

> has had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that she can lift and carry up to 20 pounds occasionally and 10 pounds frequently. She can stand and walk up to six hours in an eight-hour workday. She can sit up to six hours in an eight-hour workday. She can never climb ladder[s], ropes, or scaffolds, but can frequently climb ramps, stairs, stoop, and crouch, with no limitations to balancing or kneeling. She needs to avoid concentrated exposure to extreme cold, loud industrial noise, respiratory irritants, unprotected heights, and moving industrial machinery. She can understand, remember, and carry out simple, routine, and repetitive tasks. She can maintain

3

concentration, persistence, and pace for those tasks over typical two-hour periods in an eight-hour day and 40-hour workweek. She can tolerate routine and ordinary social interaction and adapt to simple, gradual changes in the work environment.

The law judge determined that the plaintiff has no past relevant work (Tr. 21). However, based on the testimony of a vocational expert, the law judge found that the plaintiff has been able to perform a significant number of jobs that exist in the national economy, such as garment sorter, mail sorter, and small parts assembler (Tr. 21–22). Accordingly, the law judge decided that the plaintiff's disability ended on March 25, 2016, and that she has not become disabled again since that date (Tr. 22).

The Appeals Council denied the plaintiff's request for review so that the law judge's decision became the final decision of the Commissioner of Social Security (Tr. 1). The plaintiff, represented by counsel, timely filed this lawsuit challenging the administrative decision.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less

4

than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly,

it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

As indicated, there is a sequential analysis employed to determine whether a prior award of disability benefits should cease.  In this case, the plaintiff argues that the law judge erred at one of the steps in that analysis.  Specifically, the plaintiff contends that the law judge did not conduct a proper evaluation at step two of the analysis, which determines whether there has been a medical improvement in the plaintiff's condition

6

(Doc. 23).  <u>See</u> 20 C.F.R. 416.994(b)(5)(ii).  That contention has merit and warrants reversal.

"Medical improvement" is defined as "any decrease in the medical severity of [the plaintiff's] impairments which was present at the time of the most recent favorable decision that [the plaintiff was] disabled. 20 C.F.R. 416.994(b)(1)(i).  That is known as the "comparison point decision" (CPD) (Tr. 11).  "A determination that there has been a decrease in medical severity must be based on changes (improvements) in the symptoms, signs, or laboratory findings associated with [the plaintiff's] impairment(s)."  20 C.F.R. 416.994(b)(1)(i).

The Eleventh Circuit has established principles for determining whether there has been medical improvement.  "To determine if there has been medical improvement, the Commissioner must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence."  <u>Gombash</u> v. <u>Commissioner, Social Security Administration</u>, 566 Fed. Appx. 857, 859 (11th Cir. 2014).  In other words, a "comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement."  <u>Freeman</u> v. <u>Heckler</u>, 739 F.2d 565, 566 (11th Cir. 1984).  "Without a comparison of the

old and new evidence, there can be no adequate finding of improvement."
Gombash v. Commissioner, Social Security Administration, supra, 566 Fed.
Appx. at 859.

The plaintiff's sole issue is that "[t]he Administrative Law
Judge decision was in error in that a proper medical improvement analysis
was not made" (Doc. 23, p. 2; see also id., p. 5). The thrust of this
contention — although not articulated expressly — is that the law judge did
not compare the evidence from the comparison point decision with the new
evidence.

The law judge's decision is devoid of any comparison between
the old evidence and the new evidence. As the plaintiff points out, "there
were no records exhibited prior to the comparison point decision" (id., p. 6).
Consequently, it does not appear that the law judge was even in a position to
make the necessary comparison.

The Commissioner suggests that a sentence in the law judge's
decision is sufficient to provide a comparison of the prior evidence (Doc. 26,
p. 6): "[T]he CPD cited Plaintiff's history of psychiatric hospitalizations
and suicide attempts, as well as clinical findings of a dysthymic mood,
restricted affect, inability to perform serial 7's, and low abstract reasoning,

as evidence of Plaintiff's significant limitations" (Tr. 14, 133–34). That brief summary of information from the comparison point decision is not sufficiently detailed to permit the rigorous comparison of the old and new evidence that is required by the Eleventh Circuit. See Jasper v. Colvin, Case No. 8:16-cv-727-T-23AEP (M.D. Fla), 2017 WL 655528 at *4. Similarly, the statement in finding two of the decision of plaintiff's medically determinable impairments at the time of the comparison point decision, and the statement in finding three of the decision of the plaintiff's medically determinable impairments since March 25, 2016 (Tr. 11), do not constitute a proper comparison of the old and new evidence.

For these reasons the law judge at step two of the sequential analysis regarding medical improvement did not perform a proper comparison of the old and new evidence. This error warrants reversal. Jasper v. Colvin, supra; Gavin v. Commissioner of Social Security, Case No. 8:15-cv-986-T-JSS (M.D. Fla.), 2016 WL 3226436 at *5.

ORDERED:

That the decision of the Commissioner of Social Security is hereby **REVERSED** and the matter remanded for further proceedings.

9

The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 3ʳᵈ day of June, 2020.

Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE